CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 09, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:23-cr-00018 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CASEY JERROLD COOKE ) | Chief United States District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant Casey Jerrold Cooke's motion for reconsideration of the magistrate judge's oral order denying defendant's motion to reopen his detention hearing (Dkt. No. 73), filed by and through defense counsel (Dkt. No. 79). The court construes the filing as a motion for review of the magistrate judge's decision denying bond, pursuant to 18 U.S.C. § 3145(b). For the reasons set forth herein, the court concludes that a hearing is not necessary, the motion to reopen the detention hearing is denied, and the motion for release on bond is denied.

### I. BACKGROUND

Cooke is charged in a superseding indictment with conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(B), respectively. (Dkt. No. 35.) At his initial appearance and preliminary hearing on August 23, 2023, the United States moved to detain Cooke pursuant to 18 U.S.C. § 3142(f)(1)(C) (drug offense carrying 10 or more years' imprisonment). Magistrate Judge Joel C. Hoppe ordered that Cooke be detained pending trial. (Dkt. No. 16.) In explaining his decision, Judge Hoppe found "that no condition or combination of conditions will reasonably assure the Defendant's presence as required (by a preponderance of the evidence) OR the safety of another person or the community (by clear and convincing

evidence) if the Defendant is released at this time." (*Id.* at 1.)  Judge Hoppe specifically noted that Cooke was charged with a serious drug offense, the strong weight of the evidence against him, and his criminal history, which includes convictions of breaking and entering, controlled substance distribution, failure to appear, and probation violations. (*Id.*)

On May 5, 2024, Cooke filed a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B). (Dkt. No. 68.)  Cooke argued that new information existed that was not known at the time of his initial appearance before the court. (*Id.* at 2.)  In particular, he pointed out that he had spent 16 months in custody sober, that he had completed an assessment for substance abuse disorder treatment with Pyramid Healthcare, Inc. (Pyramid), that the facility had determined that Cooke meets the criteria for residential rehabilitation, and that a bed was available for him at Pyramid's New River Valley Detox & Residential Treatment Center in Radford, Virginia. (*Id.* at 2–3.)  Cooke argued that this new information was material to the question of whether there are conditions of release that will reasonably assure his appearance in court and the safety of the community. (*Id.* at 3.)  After a hearing held on the matter on May 9, 2024, Judge Hoppe issued an oral order denying the motion to reopen the detention hearing. (Dkt. No. 73.)  On June 13, 2024, Cooke then filed the motion before the court asking for reconsideration of that decision. (Dkt. No. 79.)

## II.  STANDARD OF REVIEW

If a person is ordered detained by a magistrate judge, the person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b).  The district court conducts a de novo review of a magistrate judge's order. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989).  In conducting its de novo review, the court may rely on the record below and is not

2

required to conduct an additional evidentiary hearing. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985) (noting that occurrence in case before it); *United States v. Martin*, 447 F. Supp. 3d 399, 402–03 (D. Md. 2020) ("[T]here is ample authority for the conclusion that the Court may decide the motion [under § 3145(b)] on the filings (including proffers offered by counsel) as opposed to a hearing.").

Pretrial detention is appropriate if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The court considers (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his physical and mental condition and whether, at the time of the alleged offense, he was on pretrial release pending trial; and (4) the nature and seriousness of the danger that the defendant's release would present to any person. *Id.* § 3142(g). Notably in this case, there is a rebuttable presumption of pretrial detention because Cooke is charged with an offense that carries a maximum term of imprisonment of ten years or more under the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A).

### III.  ANALYSIS

In considering Cooke's request for bond de novo, the court reviewed the record, including Cooke's submission to the magistrate judge to reopen the detention hearing (Dkt. No. 68), the transcript of the bond hearing held on May 9, 2024 (Dkt. No. 78), and Cooke's request for reconsideration of the second pretrial detention order (Dkt. No. 79). Based on the record, the court agrees with Judge Hoppe and concludes that Cooke should remain detained pending trial.

Cooke is charged with a serious drug offense that carries with it a rebuttable presumption of detention, and the weight of the evidence against him is strong. In his latest filing with the

court, to rebut the presumption of detention, Cooke argues that there is new material information that was not available to the magistrate judge at the time of the initial detention hearing. (Dkt. No. 79.) Specifically, he points to his sobriety during incarceration and a new opportunity to engage in meaningful inpatient substance use disorder treatment at Pyramid. (*Id.* at 6–7.) Furthermore, Cooke contends that "[b]ecause [his] involvement in this case is directly tied to his addiction, his sobriety and this opportunity for inpatient treatment eliminates or at least alleviates concerns about his risk of nonappearance and the safety of the community because [he] will be sober and living in a secure, supportive community." (*Id.* at 7.) The court acknowledges that the inpatient program at Pyramid available to Cooke is new information that was not available to the magistrate judge at the initial detention hearing and commends Cooke's interest in addressing his substance abuse and addiction. However, this court finds that this information is not sufficient to overcome the presumption of detention and "reasonably assure the appearance of [Cooke] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

      The court notes that in addition to the seriousness of the crimes with which Cooke is charged and the strong weight of the evidence against him, Cooke has an extensive criminal history dating back to when he was a juvenile, spanning over 25 years. Importantly, this criminal history involves multiple charges of nonappearance in court and probation violations. (Dkt. No. 6.) The court notes Cooke's argument that his history of probation violations was rooted in addiction (Dkt. No. 79 at 8), but it does not agree that this information is "sufficient to rebut the presumption" of detention or to reasonably assure his appearance. (*Id.*) Thus, his motion for a bond hearing, motion to reopen the detention order, and request to be released on bond all will be denied.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Cooke's motion for a bond hearing (or appeal from same) (Dkt. No. 79) is DENIED, and his detention as ordered on May 9, 2024, is AFFIRMED. Cooke shall remain DETAINED pending further proceedings in this matter. The clerk is directed to provide notice of this order to all counsel of record.

Entered: July 9, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge